Beverly A. Blackburn, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Respondent.

Crescent Hills Coal Company, Inc., Intervenor.

Argued September 18, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Katherine H. Fein, Berlin, Boas & Isaacson,* for petitioner.

*Marion M. Cowperthwait,* for respondent.

*Oliver N. Hormell,* for intervenor.

OPINION BY JUDGE ROGERS, October 8, 1981:

This is the appeal of Beverly Blackburn from an order of the Pennsylvania Human Relations Commission (PHRC) dismissing her amended complaint charging the appellee, Crescent Hills Coal Company, Incorporated with violating Section 5(a) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §955(a) by refusing to hire her as a laborer in its coal mine because of her sex, female. Blackburn's amended complaint also charged Crescent Hills with discrimination against other similarly situated females. In the same order in which it dismissed Blackburn's complaint, the PHRC, based on findings that Crescent Hills had engaged in hiring practices discriminatory to females as a class, directed it to cease and desist such practices and to submit an Affirmative Action program to foster employment of females. This aspect of the order is not before us.

In *General Electric Corporation v. Commonwealth, Human Relations Commission,* 469 Pa. 292, 365 A.2d 649 (1976), the Pennsylvania Supreme Court, adopt-

ing the rationale of the U.S. Supreme Court in *Mc-Donnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed. 2d 668 (1973) when construing Title VII of the Civil Rights Act of 1964, 42 USCA §2000e, held that a complainant meets his burden of establishing a prima facie case of discrimination by showing that he is a member of a protected minority, that he applied for a job *for which he was qualified,* that his application was refused and that the employer continued to seek other applicants of equal qualifications. The Supreme Court in *General Electric* rejected the proposition that the complainant was required to prove that he was the best qualified applicant, holding that the complainant having shown that he was qualified, his employer had the burden to demonstrate that he was not best qualified.

It appears from the PHRC's discussion that it may have imposed on Blackburn the burden of proving she was best or better qualified than the men who were employed. While *General Electric* is cited in the PHRC's discussion, some passages suggest that the PHRC held the mistaken view that under the rules there propounded Blackburn was required to show that she was best qualified. For instance PHRC wrote:

> [The] 'best able' test is the threshold issue in this case. If it can be established that the complainant was the best able and most competent applicant for the position, but others were hired, the commission may then inquire whether the nonhire was the result of unlawful sex discrimination.

and

> [I]t may very well be true that Complainant was passed over in favor of the eight other males on account of her sex. However, Pennsylvania Law requires that the Complainant be

'best able and most qualified' (as defined in General Electric) in order to establish a violation.

We think that justice requires that we vacate the PHRC order dismissing Blackburn's claim for individual relief and remand the record for a new decision and order founded on the rules concerning the burden respectively of the complainant and her employer as to qualifications propounded in *General Electric, supra,* and we so order.

### Order

AND Now, this 8th day of October, 1981, the Pennsylvania Human Relations Commission order of October 16, 1980 insofar as it dismisses Beverly Blackburn's claim for individual relief is vacated and the record remanded for proceedings not inconsistent with this decision.